**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Krista Lynn Kinsley**, | **CASE NO. 5:17 CV 604** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| Vs. | |
| **Commissioner of Social Security,** | **Memorandum of Opinion and Order** |
| **Defendant.** | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg ("R&R")(Doc. 14) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections. The R&R is hereby ACCEPTED.

## STANDARD OF REVIEW

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de

1

> novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

## **ANALYSIS**

As set forth below, the Court incorporates the R&R into this Opinion. Therefore, the Court need not repeat the medical history, which is thoroughly recited by the Magistrate Judge. Plaintiff objects to the R&R on four grounds. Each will be addressed in turn.

1. Sentence Six remand

Plaintiff argues that the Magistrate Judge erred in recommending that the Court deny plaintiff's request of a Sentence Six remand. As the Magistrate Judge aptly noted:

> The Sixth Circuit has repeatedly held evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review. A district court can, however, remand the case for further administrative proceedings in light of such evidence, if a claimant shows the evidence satisfies the standard set forth in sentence six of 42 U.S.C. § 405(g).
>
> ***
>
> Interpreting [sentence six of 42 U.S.C. § 405(g)], the Sixth Circuit has held that evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding. Evidence is 'material' only if there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence. Evidence is not material if it is cumulative of evidence already in the record, or if it merely shows a worsening condition after the administrative hearing.
>
> In order to show 'good cause,' a claimant must demonstrate a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. The mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the good cause requirement. Rather, the Sixth Circuit takes a harder line on the good cause test with respect to timing, and thus requires that the clamant give a valid reason for his failure to obtain evidence prior to the hearing. This includes detailing the obstacles that prevented the admission of the evidence.

2

R&R at 32-33 (citations and quotations omitted).

Plaintiff offers three treating source opinions, as well as treatment notes fro Dr. Hayek. The Magistrate Judge recommends that none of the evidence qualifies for a Sentence Six remand. Of this evidence, plaintiff objects only to the Magistrate Judge's recommendation that Dr. Seth's opinion does not warrant remand. Upon review, the Court finds that the objection is not well-taken. As an initial matter, the Court agrees that plaintiff fails to demonstrate that there is a reasonable probability that Dr. Seth's new opinion would have changed the ALJ's decision. More important, however, the Court agrees that plaintiff wholly fails to establish "good cause" for failing to include this opinion evidence in the record before the ALJ. Plaintiff purports to claim that she did not realize that the ALJ wanted an opinion from Dr. Seth until the ALJ asked for it during the hearing. A review of the transcript, however, does not support plaintiff's position. The ALJ did not request an opinion from Dr. Seth. Rather, the ALJ asked plaintiff if she had submitted an opinion from Dr. Seth. After responding in the negative, the ALJ simply said, "all right." Plaintiff wholly fails to offer any rationale or reason supporting her failure to timely submit this opinion to the ALJ prior to the hearing. As such, plaintiff has not established "good cause" and a Sentence Six remand is, therefore, not warranted.

2. Left arm impairment

Plaintiff objects to the Magistrate Judge's recommendation that the ALJ did not err at step two in determining that plaintiff's left arm impairment is severe. Upon review, the Court agrees with the Magistrate Judge that the ALJ did not err at Step Two. The ALJ thoroughly analyzed the medical findings regarding plaintiff's left arm impairment and noted that the x-ray was normal. Within six months, plaintiff indicated that her left arm pain had improved and that

she was wearing an over the counter wrist splint when performing tasks. Plaintiff did not continue with physical therapy. In addition, plaintiff attended acupuncture sessions, which showed that "her left hand improved rapidly," and that she has "no further symptoms in this hand." She then reported to a treating physician that her left arm was doing "much better." Plaintiff complains that the ALJ erred in relying on this objective medical evidence and ignoring her self-reports of pain which appear in a log plaintiff kept, as well as within her hearing testimony. As noted by the Magistrate Judge, however, the ALJ discounted these subjective complaints in favor of the objective evidence. The Court finds that the ALJ did not err in this regard. The Court further agrees with the Magistrate Judge that the ALJ considered plaintiff's left arm impairment in limiting plaintiff to "light work," which involves a reduction in lifting and/or carrying. This limitation applies to both hands. Although plaintiff objects to the ALJ's failure to include reaching, handling and/or fingering limitations, plaintiff points to no objective evidence requiring these additional limitations. Accordingly, the Court finds that plaintiff's objection is not well-taken.

    3. Credibility determination

Plaintiff next objects to the Magistrate Judge's recommendation that the ALJ did not err in assessing plaintiff's credibility. Upon review, the Court agrees with the recommendation. The Magistrate Judge thoroughly analyzed the ALJ's credibility determination. In so doing, the Magistrate Judge noted that the ALJ somewhat mischaracterized plaintiff's pain log and did not identify the worsening of her symptoms that accompanied certain activities of daily living. The Magistrate Judge went on to note, however, that it was not improper for the ALJ to support his credibility determination by relying on plaintiff's ability to perform a wide range of daily

activities. This is so because even if these activities exacerbated her pain, the fact remained that she was nonetheless able to perform a wide range of activities on a regular basis. And, as the Magistrate Judge noted, the ALJ did not rely on the pain log alone in performing the credibility assessment. Rather, the ALJ also considered objective examination findings, diagnostic testing, and the effectiveness of medication. The ALJ balanced all of these factors in analyzing plaintiff's credibility. As such, no error occurred. The Court fully agrees with the Magistrate Judge's recommendation and, as such, plaintiff's objection is rejected.

   4. Opinion evidence

Plaintiff objects to the ALJ's assessment of the opinion evidence. According to plaintiff, the Magistrate Judge improperly determined that Dr. Hayek's opinion is not a "medical" opinion. Dr. Hayek noted that plaintiff was "unable to return to work" and the Magistrate Judge determined that this opinion contains no functional limitations and, a such, the opinion is not of a "medical condition." Because the opinion was on an issue specifically reserved for the Commissioner, it is not entitled to any special deference. Plaintiff claims, however, that the opinion is not solely directed at plaintiff's ability to work. Rather, Dr. Hayek indicated that plaintiff was unable to return to work "due to the loss of function in her right hand." The Court finds, however, that even assuming *arguendo* the opinion contains an opinion directed at a "medical condition," the ALJ did not err in assessing the opinion. The ALJ expressly assigned "little weight" to the opinion based on other evidence in the record. The ALJ noted that plaintiff's activities of daily living are inconsistent with Dr. Hayek's "opinion" that plaintiff cannot work. These activities include painting and assisting with the cleaning of her workroom and laundry room. In addition, the ALJ extensively relied on treatment records that showed

5

improvement and also noted the infrequency of plaintiff's use of pain medication. Plaintiff indicated that she suffered from side effects from the medication, but the evidence showed that plaintiff obtained relief when she did take the medication. In all, even assuming the ALJ was required to provide "good reasons" for discounting Dr. Hayek's opinion, the Court finds that the ALJ did not err in this regard.

Plaintiff also objects to the ALJ's assessment of Dr. Kessler's opinion regarding the side effects from plaintiff's medication. The Court rejects the objection. The Magistrate Judge carefully analyzed this issue and, upon review, the Court finds no error. A determination by an ALJ is not subject to reversal simply because some evidence exists in the record to support a different conclusion. Here, as specifically discussed by the Magistrate Judge, the ALJ pointed to substantial evidence in the record supporting the analysis of Dr. Kessler's opinion. Therefore, plaintiff's objection is not well-taken.

## **CONCLUSION**

This Court, having reviewed the Report and Recommendation and finding plaintiff's objections without merit, hereby accepts the Magistrate Judge's Report and Recommendation. In accordance with that recommendation, judgment is entered in favor of the Commissioner for the reasons stated by the Magistrate Judge and the Report and Recommendation is incorporated herein by reference.

IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan  
                                      PATRICIA A. GAUGHAN  
                                      United States District Judge  
Dated: 3/20/18                    Chief Judge